IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAGE SCHMIDT, a minor, by and through Doran Schmidt, her natural mother and next friend, and DORAN SCHMIDT, Individually<br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>HEATHER RAMSEY, APRN-CNM, THE MIDWIVES PLACE L.L.C., and the BELLEVUE MEDICAL CENTER L.L.C.,<br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. _____<br><br><br>COMPLAINT<br>(Medical Malpractice and Request for Trial by Jury) |

The Plaintiffs for their respective causes of action against the above-named Defendants, state as follows:

**PRELIMINARY STATEMENT**

1.　　This is a civil action in which the Plaintiffs seek to recover damages resulting from injuries suffered while Doran Schmidt and her daughter Sage Schmidt were patients under the care of the Defendants, and each of them on or about November 1-2, 2012, in Nebraska.

**JURISDICTIONAL AND FACTUAL ALLEGATIONS**

2.　　Plaintiff Sage Schmidt was born to Plaintiff Doran Schmidt in the early hours of the 2nd day of November 2012. Sage Schmidt and Doran Schmidt are residents of Colorado Springs, El Paso County, Colorado.

3.　　At all times relevant herein, Defendant HEATHER RAMSEY, APRN-CNM, (hereinafter "Nurse Ramsey") was a certified nurse midwife practicing medicine in Bellevue, Sarpy County, Nebraska, and held herself out to be a skilled and competent healthcare provider, and capable of rendering proper and appropriate care and treatment for a mother and her baby in the prenatal period, as well as during labor and delivery.

4.　　At all times relevant herein, Defendant THE MIDWIVES PLACE L.L.C. (hereinafter "Midwives Place") was a professional corporation specializing in health care and treatment relating to pregnancy, labor and delivery. Midwives Place is located at 3512 Samson Way #106, Bellevue, Nebraska 68123. Midwives Place provides health care goods

and services through its agents, and employees, or partners, including Defendant Nurse Ramsey. Midwives Place is vicariously liable for the negligence of its employees, agents, and officers, including, but not limited to, Defendant Nurse Ramsey.

5.     Defendant, Nurse Ramsey was an employee of Defendant Midwives Place on November 1-2, 2012.

6.     At all times relevant herein, Defendant BELLEVUE MEDICAL CENTER, (hereinafter "BMC"), located at 2500 Bellevue Medical Center Drive, Bellevue, Nebraska 68123, was engaged in the business of providing hospital and nursing services to members of the general public, including but not limited to Plaintiffs Doran and Sage Schmidt. BMC held itself out as a hospital capable of rendering proper and appropriate care for a mother and her baby during labor and delivery and to the infant during the newborn period, including providing quality health care in a safe and timely manner.

7.     At all times relevant herein, the agents, servants, and employees of BMC were acting in the course and scope of their employment or other business relationship with BMC and BMC is vicariously liable for all their negligent acts and/or omissions.

8.     This Court has jurisdiction under 28. U.S.C. S 1332 as the Plaintiffs, Doran and Sage Schmidt, are citizens and residents of the State of Colorado, and the Defendants, and each of them, are citizens and residents of the State of Nebraska, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue lies in this Court as the negligent acts and omissions complained of occurred in Bellevue, Sarpy County, Nebraska.

**UNCONSTITUTIONALITY OF THE ACT/WAIVER OF REVIEW PANEL**

10.     Plaintiffs believe that Defendants failed to qualify as healthcare providers under the terms and provisions of the Nebraska Hospital-Medical Liability Act, §44-2801 et. seq. R.R.S. 1943, as amended and were not qualified on the date the Plaintiffs suffered their injuries and damages. Notwithstanding the status of filing by the Defendants for the special benefits, privileges and protection of such act, Plaintiffs allege that such act is unconstitutional in whole or in part because it violates §A of the 14th Amendment of the Constitution of the United States, together with Article 1, §§1, 3, 13, 16, and 25 and Article 3, §18 of the Constitution of the State of Nebraska.

11.     The Plaintiffs hereby affirmatively waive their right for a medical review panel to review their claims herein against the Defendants as provided by the Nebraska Hospital-Medical Liability Act and elect to file this action directly in the United States District Court for the District of Nebraska.

12.     A copy of this Complaint is hereby served upon the director of the Nebraska Department of Insurance, together with a copy upon the Attorney General of the State of Nebraska.

## GENERAL ALLEGATIONS

13.     During the 1st day of November 2012, Doran Schmidt, age 26, was admitted to the Defendant Midwives Place for care, treatment, and management of the labor and delivery of her daughter, Sage Schmidt.

14.     Plaintiff Doran Schmidt undertook care and treatment for this pregnancy with the Defendants Nurse Ramsey and Midwives Place, and each of them, pursuant to their representations and advertising competency and safety in managing obstetrical patients.

15.     While in active labor, the Plaintiffs were transferred to Defendant BMC for care, treatment, and management of the labor and delivery.

15.     Plaintiff Doran Schmidt and her unborn baby, Plaintiff Sage Schmidt, were under the care and treatment of the Defendants, and each of them, by virtue of their respective healthcare provider-patient relationships.

16.     The Defendants, and each of them, had a duty to the Plaintiffs to act as reasonable and prudent health care professionals pursuant to their healthcare provider-patient relationship.

17.     The Defendants, and each of them, failed to appropriately manage the labor and delivery of the Plaintiffs, causing Plaintiffs injury and damage.

18.     The Plaintiffs, Doran Schmidt and Sage Schmidt were traumatized and injured, suffering permanent injuries, including but not limited to, brain damage, subacute/acute hypoxic ischemic damage, seizures, developmental delay, perinatal depression, respiratory distress, meconium, and other birth injuries.   Plaintiffs seek all damages allowed by law due to the negligent management and reckless delivery, and newborn care provided by the Defendants involved in this care.

## COUNT I
## NEGLIGENCE –HEATHER RAMSEY, APRN-CNM

19.     Plaintiffs hereby incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

20.     Heather Ramsey, APRN-CNM held herself out to the public, and to the Plaintiff Doran Schmidt in particular, as competent and qualified in the field of obstetrics, pregnancy and delivery and capable of managing the complications of pregnancy, labor and delivery.

21.     Nurse Ramsey undertook and rendered medical care to the Plaintiff Doran Schmidt and her unborn child, Plaintiff Sage Schmidt, and participated in and directed the management of the prenatal care, labor and delivery of the Plaintiffs before, on, and after November 1-2, 2012, and had a duty to act as a reasonable, prudent healthcare provider in caring for Plaintiff Doran Schmidt and her daughter, Plaintiff Sage Schmidt.

22.     Defendant Nurse Ramsey was negligent and deviated from the acceptable standard of care in her consultation, care, management and treatment of the Plaintiffs.  Said negligence includes, but is not limited to, the following particulars:

    a.    Failing to adequately monitor and manage the prenatal care, labor and delivery;

    b.    Failing to follow appropriate and necessary medical procedures in light of the then-existing circumstances of Doran Schmidt and Sage Schmidt;

    c.    Failing to intervene in a timely manner to perform a cesarean section;

    d.    Failing to obtain a physician in a timely manner to provider appropriate and necessary treatment to Doran Schmidt and Sage Schmidt;

    e.    Failing to initiate and/or follow proper protocols, guidelines and procedures;

    f.    Failing to use reasonable skill, diligence, and care in the treatment of Doran and Sage Schmidt,

and was otherwise negligent in the management of the labor and delivery of the Plaintiffs.

23.     The negligence of Defendant Nurse Ramsey herein was a direct and proximate cause of the personal injuries and resulting damages of the Plaintiffs, Doran and Sage Schmidt.

24.     As a direct and proximate result of the negligence of the Defendant, Nurse Ramsey, as set forth above, the Plaintiffs, Doran and Sage Schmidt, were severely injured and sustained permanent injuries and damages, including neurological injuries, seizures and other damages.

25.     As a direct and proximate result of said negligence, the Plaintiffs, Doran and Sage Schmidt, have suffered damages, including, but not limited to: physical and mental pain and suffering; have and will continue to endure loss of enjoyment of life; and have and will continue to sustain hospital, medical and surgical expenses, loss of earning capacity and other expenses.  The full nature and extent of all future injuries are not now known to the Plaintiffs.

## COUNT II.
## INFORMED CONSENT – HEATHER RAMSEY, APRN-CNM

26.     Plaintiffs hereby incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

27.     Defendant, Nurse Ramsey, managed the pregnancy, labor and delivery of the Plaintiffs, Doran and Sage Schmidt, without adequately imparting the information which would routinely be provided under similar circumstances including, but not limited to, timely offering a cesarean section, and/or discussing the inherent risks, benefits, indications for and alternative procedures available for addressing the plaintiffs situation.  The Defendants utilized procedures, including but not limited to the administration of picotin, in attempting to deliver the infant Sage Schmidt without adequately explaining such procedures and treatments to Plaintiff Doran Schmidt, and without communicating any of the risks of or alternatives to such procedures, and thus, without obtaining the informed consent of Plaintiff Doran Schmidt.

28.     As a direct and proximate result of the Defendant's failure to obtain informed consent, the Plaintiffs were severely injured and sustained permanent damage.

29.     As a direct and proximate result of Defendant Nurse Ramsey's failure to obtain consent and informed consent, the Plaintiffs, Doran and Sage Schmidt were injured, and have endured and will continue to endure physical and mental pain and suffering; have endured and will continue to endure loss of enjoyment of life; and have sustained and will continue to sustain hospital, medical, surgical, loss of earning capacity and other expenses. The full nature and extent of all future injuries to Plaintiff are not now known.

## COUNT III
## NEGLIGENCE – THE MIDWIVES PLACE L.L.C.

30.     Plaintiffs hereby incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

31.     Defendant The Midwives Place L.L.C. held itself out to the public and to the Plaintiff, Doran Schmidt, in particular, as a corporation specializing in health care services capable of rendering proper and appropriate care to a mother and her baby during pregnancy, labor and delivery.

32.     Defendant Nurse Ramsey was, at all times relevant herein, an employee of the Midwives Place and acting on behalf of and in the course and scope of her employment with the Midwives Place.

33.     The Midwives Place, by and through its agents and employees, undertook and rendered care to Plaintiff Doran Schmidt and her baby during her pregnancy, and participated in the management of her labor and the delivery of Plaintiff Sage Schmidt before, on and after November 1-2, 2012, at BMC.

34.     It was therefore the duty of the Midwives Place, by and through its duly authorized agents and employees, to diagnose and treat Plaintiff Doran Schmidt and Plaintiff Sage Schmidt, in accordance with the accepted standards of prevailing medical practice.

35.     Defendant the Midwives Place was negligent and deviated from the acceptable standard of care in its care and treatment of the Plaintiffs, Doran and Sage Schmidt. Said negligence includes, but is not limited to, the following:

    a.    Failing to adequately monitor and manage the prenatal care, labor and delivery;

6

b.    Failing to follow appropriate and necessary medical procedures in light of the then-existing circumstances of Doran Schmidt and Sage Schmidt;

c.    Failing to intervene in a timely manner to perform a cesarean section;

d.    Failing to obtain a physician in a timely manner to provider appropriate and necessary treatment to Doran Schmidt and Sage Schmidt;

e.    Failing to initiate and/or follow proper protocols, guidelines and procedures;

f.    Failing to use reasonable skill, diligence, and care in the treatment of Doran and Sage Schmidt,

g.    Failing to adequately train, supervise and monitor its staff and nurses, including but not limited to Nurse Ramsey,

and was otherwise negligent in the management of the labor and delivery of the Plaintiffs.

36.    The negligence of Defendant the Midwives Place was a direct and proximate cause of the personal injuries and resulting damages of the Plaintiffs.

37.    As a result of the aforementioned negligence of Defendant the Midwives Place, the Plaintiffs, Doran and Sage Schmidt, were severely injured and sustained permanent damage.

38.    As a direct and proximate result of said Defendant's negligence, Plaintiffs Doran and Sage Schmidt were injured, and have endured and will continue to endure physical and mental pain and suffering; have endured and will continue to endure loss of enjoyment of life; and have sustained and will continue to sustain hospital, medical, surgical, loss of earning capacity and other expenses. The full nature and extent of all future injuries to the Plaintiff are not now known.

## COUNT IV
## NEGLIGENCE – BELLEVUE MEDICAL CENTER L.L.C.

39.    Plaintiffs hereby incorporate by reference as though fully set forth herein each and every allegation of this Complaint.

40.    At all times relevant herein, Defendant Bellevue Medical Center L.L.C was engaged in the business of offering hospital facilities and services in Bellevue, Sarpy County, Nebraska.

41.    BMC held itself out to the public and to the Plaintiff Doran Schmidt in particular as a full-service hospital capable of rendering appropriate caregivers to a mother

and her baby during pregnancy, labor, and delivery and to the infant during the immediate newborn period.

42.     Plaintiff Doran Schmidt relied on BMC to provide competent staff, including nursing staff, and appropriate care. Plaintiff Doran Schmidt further reasonably believed that the care and treatment provided at the Defendant BMC's facility was provided by employees and/or agents of BMC, including said nursing care.

43.     BMC had a duty to ensure the provision of reasonable care to its obstetrical patients by supervising the quality of care and competence of its nursing staff, and by enacting and enforcing appropriate guidelines, and by establishing criteria for the credentialing and/or reappointment of its medical staff, including but not limited to certified nurse midwives and other nurses.

44.     At all times relevant herein, Defendant Nurse Ramsey was engaged in the practice of her profession at Defendant BMC facility.

45.     BMC, including its agents and caregivers, was negligent and deviated from the acceptable standard of care in its treatment of the Plaintiffs Doran and Sage Schmidt. Said negligence includes, but is not limited to, the following particulars:

 a.    Failing to adequately monitor and manage the prenatal care, labor and delivery;
 b.    Failing to follow appropriate and necessary medical procedures in light of the then-existing circumstances of Doran Schmidt and Sage Schmidt;
 c.    Failing to intervene in a timely manner to perform a cesarean section;
 d.    Failing to obtain a physician in a timely manner to provider appropriate and necessary treatment to Doran Schmidt and Sage Schmidt;
 e.    Failing to initiate and/or follow proper protocols, guidelines and procedures;
 f.    Failing to use reasonable skill, diligence, and care in the treatment of Doran and Sage Schmidt,
 g.    Failing to adequately train, supervise and monitor its staff and nurses, including those nurses and staff providing care and treatment to the Plaintiffs,

and was otherwise negligent in the management of the labor and delivery of the Plaintiffs.

46.     All of the employees and agents of BMC acted for and under the supervision, direction and control of BMC.

47.     The negligence of BMC was a direct and proximate cause of the personal injuries and resulting damage of the Plaintiffs, Doran and Sage Schmidt.

48.     As a result of the aforementioned negligence of Defendant BMC, the Plaintiffs, Doran and Sage Schmidt, were severely injured and sustained permanent damage.

49.     As a direct and proximate result of said negligence, Plaintiffs, Doran and Sage Schmidt, were injured, and have endured and will continue to endure, physical and mental pain and suffering; have endured and will continue to endure loss of enjoyment of life; and have sustained and will continue to sustain hospital, medical, surgical expenses, loss of earning capacity and other expenses.  The full nature and extent of the all future injuries to the Plaintiffs are not now known.

WHEREFORE, the Plaintiffs prays for judgment against the Defendants, and each of them, in an amount in excess of $75,000; for special and general damages plus interest, costs, attorneys' fees and expenses as allowed pursuant the applicable law, and for such further relief as the court may deem just and proper under the circumstances.

REQUEST FOR JURY TRIAL

Plaintiffs hereby request that trial by jury of the foregoing action should be held in Omaha, Douglas County, Nebraska, and that the case be calendared accordingly.

DATED this _____3ᵈ_____ day of May, 2013.

SAGE SCHMIDT, a minor, by and through
Doran Schmidt, her natural mother and next
friend, and
DORAN SCHMIDT, Individually,
Plaintiffs,

By_____
Patrick Cullan #23576
Joseph Cullan #22145
1113 Harney St.
Omaha, NE  68102
(402) 397-7600
ATTORNEYS FOR PLAINTIFFS

9