IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAGE SCHMIDT, a Minor, by and through Doran Schmidt, her natural mother and Next friend, and DORAN SCHMIDT, Individually,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HEATHER RAMSEY, APRN-CNM, THE MIDWIFE'S PLACE, LLC, and THE BELLEVUE MEDICAL CENTER, LLC<br><br>　　　　Defendants. | CASE NO. 8:13-cv-00143<br><br><br>DEFENDANT THE BELLEVUE MEDICAL CENTER, LLC'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND |

COMES NOW defendant, the Bellevue Medical Center, LLC ("BMC"), and for its Answer to Plaintiffs' Amended Complaint states as follows:

**DEFENDANT BMC'S ANSWER TO PLAINTIFFS' PRELIMINARY STATEMENT**

1. Defendant BMC denies the allegations set forth in paragraph 1 of Plaintiffs' Amended Complaint.

**ANSWER TO PLAINTIFFS' JURISDICTIONAL AND FACTUAL ALLEGATIONS**

2. Defendant BMC admits that Sage Schmidt was born on November 2, 2012 and further admits that Doran Schmidt is the mother of Sage Schmidt. Defendant BMC does not have sufficient information to either admit or deny the remaining allegations set forth in paragraph 2 of Plaintiffs' Amended Complaint and, therefore, denies the same.

3. Defendant BMC admits that Heather Ramsey is and was a certified nurse midwife practicing midwifery at all times relevant to Plaintiffs' Amended Complaint. Defendant BMC does not have sufficient information to either admit or deny the remaining allegations set forth in paragraph 3 of Plaintiffs' Amended Complaint and, therefore, denies the same.

4. Defendant BMC does not have sufficient information to either admit or deny the allegations set forth in paragraph 4 of Plaintiffs' Amended Complaint and, therefore, denies the same.

5. Defendant BMC does not have sufficient information to either admit or deny the allegations set forth in paragraph 5 of Plaintiffs' Amended Complaint and, therefore, denies the same.

6. Defendant BMC admits that it is a limited liability company located at 2500 Bellevue Medical Center Drive, Bellevue, Sarpy County, Nebraska, 68123. Defendant BMC admits that it provides hospital and nursing services to those patients admitted under the care and treatment of medical staff that have admitting privileges, and that it provided hospital and nursing services to Plaintiffs in November, 2012. Defendant BMC further admits it is a hospital that renders proper and appropriate care, through its employees, for a mother and her baby during labor and delivery and to the infant during the newborn period, including providing quality healthcare in a safe and timely manner. Defendant BMC denies any remaining allegations in paragraph 6 of Plaintiffs' Amended Complaint.

7. Defendant BMC does not have sufficient information to either admit or deny the allegations of paragraph 7 of Plaintiffs' Amended Complaint, and therefore denies the same.

8. Defendant BMC does not have sufficient information to either admit or deny the allegations of paragraph 8 of Plaintiffs' Amended Complaint, and therefore denies the same.

9. Defendant BMC does not have sufficient information to either admit or deny the allegations of paragraph 9 of Plaintiffs' Amended Complaint, and therefore denies the same.

### ANSWER TO UNCONSTITUTIONALITY OF THE ACT/WAIVER OF REVIEW PANEL

10. Defendant BMC denies the allegations set forth in paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendant BMC does not have sufficient information to either admit or deny the allegations of paragraph 11 of Plaintiffs' Amended Complaint, and therefore denies the same.

12. Defendant BMC does not have sufficient information to either admit or deny the allegations of paragraph 12 of Plaintiffs' Amended Complaint, and therefore denies the same.

## ANSWER TO GENERAL ALLEGATIONS

13. Defendant BMC does not have sufficient information to either admit or deny the allegations of paragraph 13 of Plaintiffs' Amended Complaint, and therefore denies the same.

14. Defendant BMC does not have sufficient information to either admit or deny the allegations of paragraph 14 of Plaintiffs' Amended Complaint, and therefore denies the same.

15. Defendant BMC admits that Plaintiff Doran Schmidt was admitted to BMC on November 1, 2012. Defendant BMC does not have sufficient information to either admit or deny the remaining allegations of paragraph 15 of Plaintiffs' Amended Complaint, and therefore denies the same.

15.[sic] Defendant BMC admits that Plaintiffs were patients at BMC in November, 2012. Defendant BMC denies the remaining allegations in paragraph 15 [sic] of Plaintiffs' Amended Complaint.

16. Defendant BMC admits that it had a duty, through its employees, to provide healthcare to Plaintiffs which met the standard of care in the same or similar communities as it existed in November, 2012. Defendant BMC does not have sufficient information to either admit or deny the remaining allegations of paragraph 16 of Plaintiffs' Amended Complaint, and therefore denies the same.

17. Defendant BMC denies the allegations set forth in paragraph 17 of Plaintiffs' Amended Complaint.

18. Defendant BMC denies the allegations set forth in paragraph 18 if Plaintiffs' Amended Complaint.

## ANSWER TO COUNT I NEGLIGENCE – HEATHER RAMSEY, APRN-CNM

19. Defendant BMC incorporates by references its Answers to paragraphs 1-18 of Plaintiffs' Amended Complaint as if fully set forth herein.

20-25. Defendant BMC does not have sufficient information to either admit or deny the allegations set forth in paragraphs 20-25 of Plaintiffs' Amended Complaint and, therefore, denies the same.

### COUNT II. INFORMED CONSENT – HEATHER RAMSEY, APRN-CNM

26. Defendant BMC incorporates by references its Answers to paragraphs 1-25 of Plaintiffs' Amended Complaint as if fully set forth herein.

27-29. Defendant BMC does not have sufficient information to either admit or deny the allegations set forth in paragraphs 27-29 of Plaintiffs' Amended Complaint and, therefore, denies the same.

### ANSWER TO COUNT III. NEGLIGENCE- THE MIDWIFE'S PLACE LLC

30. Defendant BMC incorporates by references its Answers to paragraphs 1-29 of Plaintiffs' Amended Complaint as if fully set forth herein.

31-38. Defendant BMC does not have sufficient information to either admit or deny the allegations set forth in paragraphs 31-38 of Plaintiffs' Amended Complaint and, therefore, denies the same.

### ANSWER TO COUNT IV. NEGLIGENCE-BELLEVUE MEDICAL CENTER, LLC

39. Defendant BMC incorporates by references its Answers to paragraphs 1-38 of Plaintiffs' Amended Complaint as if fully set forth herein.

40. Defendant BMC admits that it is a hospital located in Bellevue, Sarpy County, Nebraska. It further admits that it provides services as a hospital to those patients admitted under the care and treatment of medical staff with admitting privileges. Defendant BMC denies the remaining allegations in paragraph 40 of Plaintiffs' Amended Complaint.

41. Defendant BMC denies the allegations set forth in paragraph 41 of Plaintiffs' Amended Complaint.

42. As Defendant BMC lacks foundation to either confirm or deny the thought processes of Plaintiff Doran Schmidt, Defendant BMC does not have sufficient information to either admit or deny the allegations set forth in paragraph 42 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

43. Defendant BMC admits that it had a duty, through its employees, to provide healthcare to Plaintiffs which met the standard of care in the same or similar

communities as it existed in November, 2012. Defendant BMC denies the remaining allegations of paragraph 43 of Plaintiffs' Amended Complaint.

44. Defendant BMC denies the allegations set forth in paragraph 44 of Plaintiffs' Amended Complaint.

45. Defendant BMC denies the allegations set forth in paragraph 45(a)-(g) of Plaintiffs' Amended Complaint.

46. Defendant BMC does not have sufficient information to either admit or deny the allegations set forth in paragraph 46 of Plaintiffs' Amended Complaint and, therefore, denies the same.

47. Defendant BMC denies the allegations set forth in paragraph 47 of Plaintiffs' Amended Complaint.

48. Defendant BMC denies the allegations set forth in paragraph 48 of Plaintiffs' Amended Complaint.

49. Defendant BMC denies the allegations set forth in paragraph 49 of Plaintiffs' Amended Complaint.

50. Defendant BMC denies each and every other allegation contained in Plaintiffs' Amended Complaint not otherwise addressed *supra*, excepting those allegations constituting admissions in favor of Defendant BMC and against the interests of Plaintiffs.

## DEFENDANT BMC'S AFFIRMATIVE ALLEGATIONS AND DEFENSES

Defendant BMC asserts the following affirmative allegations and defenses:

51. Defendant BMC incorporates by reference its answers to paragraphs 1 through 49 of the Amended Complaint as if fully set forth herein.

52. Defendant BMC affirmatively alleges that Plaintiffs have failed to state a claim upon which relief can be granted.

53. Defendant BMC affirmatively alleges that at all times material to Plaintiffs' Amended Complaint it was a qualified health care provider pursuant to the Nebraska Hospital/Medical Liability Act and is entitled to all the benefits provided in said Act.

54. Defendant BMC affirmatively alleges that at all times material as stated in Plaintiffs' Amended Complaint this defendant, acting through its employees, met the

standard of care applicable in Bellevue, Sarpy County, Nebraska, or similar communities, in November, 2012.

55. Defendant BMC denies that it or any of its employees were negligent in any way whatsoever which caused or contributed to cause Plaintiffs' alleged injuries.

56. Defendant BMC denies any causal relationship between any action or inaction alleged on its part and any damages as complained of in Plaintiffs' Amended Complaint.

57. Defendant BMC affirmatively alleges that to the extent Plaintiffs suffered any injuries or damages, said injuries or damages were caused by the acts or omissions of individuals who were not employees, agents, or otherwise under the control of Defendant BMC at any and all times relevant to Plaintiffs' Amended Complaint.

58. Defendant BMC denies the nature and extent of Plaintiffs' alleged injuries and damages.

59. Defendant BMC affirmatively alleges that co-defendant Heather Ramsey, APRN-CNM, is not and was not, at any and all times pertinent to this action, an employee, agent, and/or representative of Defendant BMC.

60. Defendant BMC affirmatively alleges that co-defendant The Midwifes Place, LLC, is not and was not, at any and all times pertinent to this action, an agent and/or representative of or in any way affiliated with Defendant BMC.

61. Defendant BMC affirmatively alleges that Plaintiffs' claims are barred by the doctrine of assumption of risk.

62. Defendant BMC reserves the right to raise other additional and affirmative defenses as may become available through discovery in this action.

## REQUEST FOR JURY TRIAL

Defendant BMC hereby requests trial by jury.

WHEREFORE, Defendant BMC prays that this Court dismiss the claims asserted herein with prejudice, enter judgment for BMC on the Amended Complaint and grant such other relief as may be determined to be just, equitable and proper.

Dated this 28th day of June, 2013

THE BELLEVUE MEDICAL CENTER, LLC,
Defendant.

By:    s/Kathryn J. Cheatle
       Brien M. Welch - 18192
       Kathryn J. Cheatle - 24137
Of:    Cassem, Tierney, Adams
        Gotch & Douglas
       9290 West Dodge Rd, Ste. 302
       Omaha, Nebraska 68114
       (402)390-0300
       BWelch@ctagd.com
       KCheatle@ctagd.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

- **Patrick J. Cullan**
  pat@cullanlaw.com

- **Joseph P. Cullan**
  j.cullan@cullanlaw.com

- **Ronald. E. Frank**
  rfrank@sodorolaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

                                               s/Kathryn J. Cheatle
                                               Kathryn J. Cheatle