## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DORAN SCHMIDT, Individually, and SAGE SCHMIDT, a minor, by and through Doran Schmidt, her natural mother and next friend,  Plaintiffs, V. HEATHER RAMSEY, APRN-CNM, THE MIDWIVES PLACE LLC, and BELLEVUE MEDICAL CENTER L.L.C.,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 8:13CV143  ORDER |

Sage Schmidt ("Sage") and her mother, Doran Schmidt ("Doran") (collectively "Plaintiffs") brought suit alleging that Defendants are liable for negligence and medical malpractice allegedly committed when Sage was born.  (Filing 3.)

In the course of discovery, Defendants served a subpoena on the Nebraska Department of Health and Human Services ("DHHS") requesting production of the following:

> Any and all records and all medical records (including billing records and itemized statements for services rendered), correspondence to or from the patient or the patient's physicians, guardians, representatives, attorneys and insurers, and all writings without exception regarding the care, treatment, testing and examinations, specifically including Physician Statements of Life Limiting Illness, Plans of Treatment, Home Health Certification and/or Plans of Care, and Long Term Care Professional Medical Information or Declarations of Need signed by any physician for or on behalf of Sage L. Schmidt.

(Filing 127-1.)  Although Plaintiffs did not object to the subpoena, DHHS objected pursuant to Fed. R. Civ. P. 45(d)(2)(B), asserting that the information requested contains privileged and/or other matter which is protected by federal and state laws.  (Filing 127-2.)

Due to this objection, the parties attempted to resolve issues of privilege and confidentiality by providing DHHS with an Authorization for Disclosure of Protected Information ("Authorization") signed by Doran. DHHS reviewed the Authorization, but concluded it was not sufficiently completed to allow it to release Sage's records. In particular, DHHS stated that the sections of the Authorization indicating to whom the information was to be released, the reason for disclosure, and the specific information to be disclosed needed to be completed. DHHS informed defense counsel that once the Authorization was fully completed, it would be in a position to release the records, without re-issuance of the subpoena. (Filing 127-3.)

Subsequently, defense counsel contacted counsel for Plaintiffs in an effort to obtain a proper Authorization. When those efforts failed, Defendants filed the instant motion, requesting issuance of a qualified protective order and that DHHS be compelled to comply with the subpoena. Plaintiffs responded to Defendants' motion by stating that they would provide Defendants with a new Authorization. To date, however, Plaintiffs have not done so. DHHS has not responded to Defendants' motion.

The subpoena requests production of medical and billing records releated to the care of Plaintiffs. It does not appear that Defendants object to the relevance of the documents or the scope of the subpoena. The Court finds that these records are clearly relevant to the claims and defenses in this action and should be produced as requested.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Qualified Protective Order and to Compel Compliance with Subpoena (filing 126) is granted. Defendants shall forward a proposed qualified protective order to the undersigned at gossett@ned.uscourts.gov by or before February 11, 2015, in Word or WordPerfect format. Defendants shall forward a copy of this Order, along with the signed qualified protective order, to DHHS. DHHS is directed to comply with the subpoena as issued, subject to the qualified protective order soon to be entered in this case.

**DATED February 4, 2015.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**