IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAGE SCHMIDT, a minor, by and through Doran Schmidt, her natural mother and next friend, and DORAN SCHMIDT, Individually,<br><br>           Plaintiffs,<br><br>vs.<br><br>HEATHER RAMSEY, APRN-CNM, THE MIDWIFE'S PLACE L.L.C. and the BELLEVUE MEDICAL CENTER L.L.C.,<br><br>           Defendants. | 8:13-cv-00143-LSC-FG3<br><br>**HIPAA QUALIFIED PROTECTIVE ORDER** |

For the reasons given in the Court's Order of February 4, 2015 (filing 133),

**IT IS ORDERED:**

1. The current partiers (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to Plaintiffs and Defendants.

2. For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identities the individual or which reasonably could be expected to identify the individual.

3. Upon compliance with all applicable discovery rules, statutes and precedent, all "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI pertaining to Plaintiffs and Defendants to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4. The parties and their attorneys shall be permitted to use the PHI solely for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, and consultants), the parties' insurers, experts, consultants, court reporters, copy services, and jurors.

5. Prior to disclosing PHI to persons involved in this litigation, counsel shall inform each such person that the PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the PHI do not use or disclose such information for any purpose other than this litigation.

6. The parties shall fully comply with the redaction requirements of Fed. R. Civ. P. 5.2 and NECivR 5.3 and shall comply with NECivR 7.5 in the event a document must be filed with the Court under seal.

7. At the conclusion of the litigation (hereby defined as the point at which the final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any party, person or entity in possession of PHI received pursuant to paragraph 4 of this Order shall destroy any and all copies of such PHI.

8. This Order shall not control or limit the use of PHI protected health information pertaining to a party that comes into the possession of any party or any party's attorney from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

9. Nothing in this Order authorizes any party or any party's attorney to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, patient authorization or attorney-client communications. Likewise, nothing in this Order relieves any party from complying with the requirements of any state or federal law.

**DATED February 9, 2015.**

> BY THE COURT:
>
> S/ F. A. Gossett
> **United States Magistrate Judge**