# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DORAN SCHMIDT, Individually; and S.S., a minor, by and through Doran Schmidt, her natural mother and next friend;<br><br>                Plaintiffs,<br><br>    vs.<br><br>BELLEVUE MEDICAL CENTER L.L.C.,<br><br>                Defendant. | 8:13CV143<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the State of Nebraska's Motion and Notice to Intervene (Filing No. 279) and Motion for Briefing Schedule (Filing No. 280). For the reasons stated, the Motion to Intervene will be granted, and the Court's ruling on the Motion for Briefing Schedule will be deferred until the Defendant's post-trial motions have been fully briefed.

## BACKGROUND

Plaintiffs first questioned the constitutionality of Nebraska Hospital-Medical Liability Act ("NHMLA"), Neb. Rev. Stat. § 44-2801, *et. seq.* (Reissue 2010) in their brief opposing the Defendant's post-trial motions, filed on September 14, 2015. (Filing No. 267.) On September 18, 2015, pursuant to Federal Rule of Civil Procedure 5.1(a), Plaintiffs filed a Notice of Constitutional Question indicating that the Notice was served on the Nebraska Attorney General on September 18, 2015, by electronic mail and by certified mail. (Filing No. 272.) On September 22, 2015, pursuant to 28 U.S.C. § 2403(b), the Court certified the constitutional challenge. (Filing No. 275.) Under Rule 5.1(c), the State of Nebraska (the "State") could intervene within 60 days of the

Plaintiffs' Notice of Constitutional Question. The State filed its Motion and Notice to Intervene and Motion for a Brief Schedule on November 6, 2015. The State requests an additional 30 days from the filing of its Motion and Notice to Intervene to file a brief and submit evidence in support of its position.

## DISCUSSION

Section 2403(b) of Title 28 of the United States Code states that:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

Federal Rule of Civil Procedure 5.1(c) specifies the time in which the Government must intervene, stating:

> Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

The State was notified of the existence of a constitutional question and has exercised its right to intervene within the 60 day period. Accordingly, the State's Motion to Intervene will be granted.

The State requests additional time to gather evidence and prepare its brief defending the constitutionality of the NHMLA. The Court will not rule on the State's Motion for a Briefing Schedule at this time. Under Rule 5.1(c), the Court may reject a

2

constitutional challenge to a statute at any time, but may not enter a final judgment holding a statute unconstitutional before the attorney general has responded or the intervention period has expired without response. The Defendant has filed a reply brief in support of its post-trial motions. Plaintiffs have been given leave to file a sur-reply brief on or before November 24, 2015 (*see* Filing No. 274). After the parties have fully briefed the Defendant's post-trial motions, the Court will determine whether further response from the State is necessary. Accordingly, the Court will defer ruling on the Motion for Briefing Schedule until after the Plaintiffs have had an opportunity to submit their sur-reply brief.

IT IS ORDERED: the State of Nebraska's Motion and Notice to Intervene (Filing No. 279) is granted.

Dated this 9th day of November, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge