```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEBRASKA
 2
        SAGE SCHMIDT, A Minor,      )
 3      By and Through Doran        )
        Schmidt, her natural mother)
 4      and Next Friend, and DORAN  )
        SCHMIDT, Individually,      )
 5                                  )
                 Plaintiffs,        )        8:13CV143
 6                                  )
             vs.                    )
 7                                  )        Omaha, Nebraska
        THE BELLEVUE MEDICAL        )        July 8, 2015
 8      CENTER, LLC,                )
                                    )
 9               Defendant.         )

10
                   TRANSCRIPT OF THE COURT'S RULING
11              BEFORE THE HONORABLE LAURIE SMITH CAMP
                 CHIEF UNITED STATES DISTRICT JUDGE
12
                       A-P-P-E-A-R-A-N-C-E-S
13
        FOR THE PLAINTIFFS:         Mr. Patrick J. Cullan
14                                  Mr. Joseph P. Cullan
                                    Cullan, Cullan Law Firm
15                                  1113 Harney Street
                                    Omaha, NE 68102
16
        FOR THE DEFENDANT:          Mr. Brien M. Welch
17                                  Ms. Kathryn J. Cheatle
                                    Cassem, Tierney Law Firm
18                                  9290 West Dodge Road
                                    Suite 302
19                                  Omaha, NE 68114-3320

20
        COURT REPORTER:            Ms. Brenda L. Fauber, RDR, CRR
21                                  111 S. 18th Plaza
                                    Suite 3122
22                                  Omaha, NE 68102
                                    (402) 661-7322
23

24
        Proceedings recorded by mechanical stenography, transcript
25      produced with computer.
```

1          (Proceedings held but not transcribed.)

2          THE COURT:  Thank you.

3      Well, I'm going to go ahead and rule because I want all

4  of you to be able to take the time that you need to get

5  prepared for the trial in this case.

6      Yes, as noted, of course the plaintiff does have the

7  burden of proof.  And after listening to the testimony of the

8  two doctors, Dr. Glass and Dr. Gubernick, I am not persuaded

9  to change my opinion regarding the admissibility of the

10  opinion of Dr. Glass.

11      I do not believe that his opinion that we've been

12  referring to as CCIE satisfies the *Daubert* standards.  I do

13  not believe that, first of all, that it can be tested.  Of

14  course, there are reasons why it can't be tested.  I don't

15  fault anybody for that.

16      It has not really been subjected to peer review, although

17  he said that it has been discussed in the abstract for

18  hundreds of years and that there are different peer-reviewed

19  publications that provide the building blocks or the

20  foundations for his theory.  The theory itself is not peer

21  reviewed, nor is it generally accepted.  And there is no

22  potential rate of error.

23      So I do not change my opinion regarding the admissibility

24  of Dr. Glass's testimony, and he will not be allowed to

25  testify.

```
 1          Also, I will just note that he really had no ability to

 2     link any alleged standard of care or breach of standard of

 3     care with his theory.  His theory is essentially that the

 4     natural forces of labor, particularly if they are intensified

 5     through a stimulant such as Pitocin, and particularly if labor

 6     is prolonged, will cause uterine pressure on the fetal skull

 7     obstructing the flow of blood to the fetus's brain.  And I do

 8     not think that his opinion will be helpful to the jury in

 9     reaching any fact that it needs to reach in this case.

10          With regard to the testimony of Dr. Gubernick, although

11     there may be substantial disagreement with his illustration of

12     the hammer and the peg and the hole -- and I can entertain

13     objections to that at a later time -- his theory that the

14     disproportion of the maternal pelvic structure and the baby's

15     head leading to a dystocia can cause compression and trauma to

16     the head before the actual birth process appears to be

17     persuasive.

18          And I believe that Dr. Smith actually acknowledged that

19     yes, indeed, that type of thing can happen, and that is fairly

20     described as trauma.

21          So I will make one modification to my order of May 27,

22     2015, which appears at filing number 195.  And on page 10, in

23     paragraph 2(b), in the last two full lines of the paragraph, I

24     will strike the words, "or in-utero fetal head compression or

25     trauma".  Those words are stricken.
```

1        Now, so that we can accomplish even a little more today

2    to help you in your efforts to be ready for trial or

3    discussions, if you want to have discussions among yourselves,

4    I am going to rule on other pending motions in limine.

5        I note that the defendant has a motion in limine pending

6    at filing number 202.  And that was briefed and submitted on

7    June 12, 2015.  The time for the plaintiffs' response has

8    expired sometime back, and I haven't received any response.

9        So I am actually going to grant the defendant's motion in

10   limine that appears at filing 202 in its entirety with the one

11   modification I am giving you right now on the record.

12       On page 2, bullet point number 2, where the defendant

13   refers to the matter we're discussing right now, per my prior

14   order of the Court, that will now read:  Testimony from the

15   plaintiffs' expert witnesses Stephen Glass, MD, and Martin

16   Gubernick, MD, per the order of this Court.  So there is no

17   question about what the order of this Court indeed is.

18       With regard to the plaintiffs' motion in limine that

19   appears at filing number 201, the defendants did respond.  And

20   regarding many of the issues that are raised in plaintiffs'

21   motion in limine, the defendant does not have any objection.

22       So I am granting the following paragraphs of filing

23   number 201:  Paragraph 1, paragraph 4, paragraph 6, paragraph

24   7, paragraph 8, paragraph 9, paragraph 12, and paragraph 13.

25       The motion, as it relates to the other paragraphs, is

1    denied without prejudice to the plaintiffs raising their

2    objections at the time of trial.

3         We are now two minutes past our allotted time.

4         It was a pleasure to spend the afternoon with all of you.

5    And I will see you later in the month.

6         We're adjourned.

7             MR. WELCH:  Thank you.

8             MR. PATRICK CULLAN:  Thank you, your Honor.

9             MR. JOSEPH CULLAN:  Thank you.

10

11        (Adjourned at 5:05 p.m.)

12

13                    (END OF REQUESTED PROCEEDINGS)

14

15

16

17        I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.

18

19        _____/s Brenda L. Fauber_____          ___January 8, 2016___
          Brenda L. Fauber, RDR, CRR                    Date

20

21

22

23

24

25