# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DORAN SCHMIDT, Individually; and S.S., a minor, by and through Doran Schmidt, her natural mother and next friend;<br><br>                Plaintiffs,<br><br>vs.<br><br>BELLEVUE MEDICAL CENTER, L.L.C.,<br><br>                Defendant. | 8:13CV143<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Intervene, ECF No. 352, filed by Nebraska Department of Health and Human Services (NDHHS) who seeks to intervene for the purpose of asserting its claim to proceeds of the jury award, pursuant to 42 U.S.C. § 1396k(a)(1)(A).  Specifically, NDHHS has submitted a Brief, ECF No. 355, and Index of Evidence, ECF No. 354, claiming it has paid $145,485.29 for medical expenses incurred by S.S. to date, and has a right and obligation to seek reimbursement for such payments from the judgment fund resulting from the jury award against third-party tortfeasor Defendant Bellevue Medical Center, L.L.C.

Plaintiffs oppose the Motion, asserting NDHHS has no right to intervene, and that discretionary intervention should be denied because the motion to intervene is not timely and because the State of Nebraska intervened in this matter at an earlier date to defend the constitutionality of a statutory cap on the medical malpractice award, resulting in the reduction of S.S.'s award from $17 million to $1,750,000.

Fed. R. Civ. P. 24(a) provides:

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

NDHHS notes that 42 U.S.C. § 1396k requires state plans for medical assistance to include, as a condition of eligibility for medical assistance, that individuals "assign the State any rights, of the individual or of any other person who is eligible for medical assistance under this subchapter and on whose behalf the individual has the legal authority to execute an assignment of such rights, . . . to payment for medical care from any third party." NDHHS also notes that 42 U.S.C. § 1396a(a)(25)(A)-(B) states, in relevant part:

> A State plan for medical assistance must provide that the State or local agency administering such plan will take all reasonable measures to ascertain the legal liability of third parties . . . to pay for care and services available under the plan . . . [and] that in any case where such a legal liability is found to exist after medical assistance has been made available on behalf of the individual and where the amount of reimbursement the State can reasonably expect to recover exceeds the costs of such recovery, the State or local agency will seek reimbursement for such assistance to the extent of such legal liability.

Whether or not these federal statutes create a right on the part of NDHHS to intervene under Fed. R. Civ. P. 24(a)(1), the Court concludes that NDHHS has a right to intervene under Fed. R. Civ. P. 24(a)(2). The Court also concludes that permissive intervention would be appropriate under Fed. R. Civ. P. 24(b), even if NDHHS did not have a right to intervene under Fed. R. Civ. P. 24(a). Although the Plaintiffs argue that NDHHS's Motion is untimely, the Plaintiffs' counsel was provided with NDHHS's Notice

of Subrogation and Assignment on September 20, 2013, ECF No. 354-3, and the Court finds the granting of the Motion will not unduly delay or prejudice the adjudication of the Plaintiffs' rights.

Accordingly,

IT IS ORDERED:

1. The Motion to Intervene, ECF No. 352, filed by the Nebraska Department of Health and Human Services is granted;

2. The Nebraska Department of Health and Human Services shall file its Petition in Intervention as a separate docket entry on or before December 22, 2017.

Dated this 14th day of December, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge